PETERSON, Judge.
This 17-year-old appellant, Rodriguez Gordon, complains that he should not have received adult sanctions and a departure sentence after entering a plea of guilty to the attempted rape of an 11-year-old girl. The attempt was made while two other boys, ages eleven and thirteen, one of whom was appellant’s brother, forcibly held the victim on the ground pursuant to the appellant’s orders. We affirm the trial court’s imposition of adult criminal sanctions, but vacate the departure sentence.
Gordon’s guidelines score sheet authorizes a recommended range of 3V2 to 4½ years incarceration or a permitted range of up to 5½ years. The trial court imposed a sentence of 7 years incarceration followed by 5 years probation. The court stated as its reasons for departure:
(1) Section 794.023, Florida Statutes (1991), authorizes enhancement for acts of sexual battery committed by more than one person.
(2) Gordon “expressed an utter lack of remorse....”
(3) Gordon had completely dominated the victim and the two younger juvenile perpetrators.
(4) Gordon’s prospects for rehabilitation were poor.
(5) Society should be protected from Gordon’s propensity to commit future criminal acts.
While the period of probation following incarceration is allowable, the period of incarceration in excess of 5V2 years is not, because the reasons for departure are invalid. Reason number one is invalid since section 794.023 allows enhanced penalties if the state charges and proves that more than one person committed the act of sexual battery on the same victim. We need not explore whether an attempt to commit sexual battery is contemplated by the statute since the failure to charge Gordon under section 794.023 invalidates this reason for departure.
Gordon’s lack of remorse is invalid as a departure reason under Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985). The domination of the two younger boys cannot support departure since Gordon could have been charged with contributing to the delinquency of a minor. Since such behavior could have been charged and, if proven, could have increased the score sheet points, such behavior cannot be used to justify a departure sentence. See State v. Tyner, 506 So.2d 405 (Fla.1987); Stroud v. State, 576 So.2d 880 (Fla. 5th DCA 1991). The departure reasons that Gordon is a poor prospect for rehabilitation and that society needs protection have also been ruled to be insufficient. Mendenhall v. State, 511 So.2d 342 (Fla. 5th DCA 1987); Odom v. State, 561 So.2d 443 (Fla. 5th DCA 1990).
The sentence is vacated, and we remand for resentencing in accordance with the recommended or permitted range of the score sheet. Pope v. State, 561 So.2d 554 (Fla.1990).
AFFIRMED in part; REVERSED in part; REMANDED.
DAUKSCH and HARRIS, JJ., concur.