GUNTHER, Judge.
Tennyson Zeigler was convicted of three offenses, dealing in stolen property, perjury by false written declaration, and falsely verifying ownership. He appeals judgment and sentence, raising three points on appeal. We find merit in only one of these.
The conduct that was the basis of both the offense of perjury by false information in violation of section 92.525(3), Florida Statutes (1995) and the offense of falsely verifying ownership, and receiving money for goods pledged or sold, in violation of section 538.04(4)(b), was one and the same — appellant’s signing a form at a pawn shop in which he declared ownership of the property he was pawning, and which contained a statement that the declaration was being made under penalties of perjury. Conviction for the same conduct under both statutes violates double jeopardy principles.
“[Wjhere the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.” Blockburger v. United States, 294 U.S. 299, 394, 52 *1198 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Here only one of the offenses — falsely verifying ownership, receiving money for goods pawned or sold — requires proof of a fact that the other — perjury by false information— does not. We find that legislature did not intend separate punishments for these two crimes. See State v. Anderson, 695 So.2d 309 (Fla.1997); Khan v. State, 704 So.2d 1129 (Fla. 4th DCA 1998).
We note that appellant was not adjudicated guilty of either of these offenses, and that only the perjury offense was scored on his guidelines score sheet. Nevertheless, in light of potential future effects of the dual convictions, we hold that one of them should be set aside.
We reverse the dual convictions with direction to set aside one of them. Otherwise we affirm.
POLEN and KLEIN, JJ., concur.