HARRIS, J.
In this unfortunate family dispute, Fleshman struck her seventy-nine year old mother. She was convicted of battery on a person at least sixty-five years old. The court, because it found that Fleshman “talked about her mother like a person talks about a dog,” entered an upward departure sentence. This was an invalid grounds for departure. When the defense objected that the court had stated no sufficient reason to depart, the court, resorting to the statute book, then found that defendant had “indicated behavior which is of a dangerous nature with respect to the crime. Additionally ... I find the victim suffered an extraordinary or emotional trauma and permanent physical injury and was treated with particular cruelty.” No further objection was made by defense. On appeal, Fleshman argues that the evidence does not support the grounds for departure found by the trial court.
We must first decide whether the issue is preserved. It might be argued that by not again objecting to the sentence after the court revised its reasons for departure, Fleshman failed to properly preserve the issue. We think otherwise. Fleshman raised the issue by objecting to the departure sentence. The defense objection was well taken. When the court resorted to tracking the statute in order to assure that it stated proper reasons for departure, it was evident that the court intended to depart and that any further objection would be futile. Hicks v. State, 622 So.2d 14 (Fla. 5th DCA 1993); Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982). Even though her failure to object to the newly stated reasons for departure may prevent Fleshman from asserting that the reasons given are insufficient grounds for departure, she is not now precluded from arguing that there was insufficient evidence to support those grounds. We agree that the reasons given for departure are not supported by the record and reverse.
The evidence indicated that Flesh-man struck her mother several times on her face and head with her hands. The mother suffered a black eye and a red ring around the other eye. This is not evidence of “exceptional cruelty;” it is the normal consequence of the charged battery. And any emotional trauma suffered by the mother in this case does not rise to the level required by State v. Rousseau, 509 So.2d 281, 284 (Fla.1987), which held that emotional trauma is a permissible basis for departure only if the trauma arises from extraordinary circumstances not inherent in the charged crimes, or the victim suffers from a discernible physical manifestation resulting from the psychological trauma.
Further, there was no testimony relating to a “permanent physical injury.” Even though the mother later discovered a broken rib, nothing in the testimony relates this condition to the battery (the *1221 mother had “weak ribs” and had often broken them before).
Although we agree with the trial judge’s abhorrence of Fleshman’s treatment of her mother, her conduct is appropriately dealt with by the sentencing guidelines relating to the offense at conviction. No departure grounds were established by this record.
REVERSED and REMANDED for re-sentencing with the guidelines.
THOMPSON, J., concurs.
ANTOON, J., dissents, with opinion.