761 So.2d 482 (2000)
Kirby Lee CASSELMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D98-2792.
District Court of Appeal of Florida, Fifth District.
June 30, 2000.
*483 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Daytona Beach, for Appellee.
W. SHARP., J.
Casselman appeals from his judgment and sentence after being convicted by a jury of battery on a law enforcement officer,[1] resisting an officer with violence,[2] assault on a law enforcement officer,[3] and tampering with evidence.[4] We affirm the convictions, but we reverse the upward departure sentence imposed by the trial court.
Casselman argues that his double jeopardy rights were violated because they grew out of his continuous resistance to police officers' attempts to arrest him, and his eventual arrest. Wallace v. State, 724 So.2d 1176 (Fla.1998). Casselman also argues that all the elements of assault on a law enforcement officer and battery on a law enforcement officer are contained in the statute which addresses resisting an officer with violence. See §§ 784.07 (a)(2)(a); 784.011; 784.03; 784.07(2)(b) and 843.01, Fla.Stat. He further argues that all of the elements of tampering with physical evidence are subsumed by the elements of the resisting offense, because the conduct proved in this case was sequential steps in a single episode of continuous resistance. Wallace; Sirmons v. State, 634 So.2d 153 (Fla.1994); § 775.021(4)(b)(3), Fla.Stat. (Supp.1998).
The evidence at trial taken most favorably to upholding the convictions,[5] was that Deputy Stevin stopped Casselman because he was riding a bicycle at night without a headlight or rear light, and was carrying a passenger on the handle bars. When Casselman put his hand in his pocket, Stevin told him to remove it. Casselman did pull his hand from his pocket and Stevin saw *484 what he thought looked like several rocks of cocaine. Casselman tossed them to his passenger, who jumped off the handlebars. Some of the substance fell to the ground.
Stevin approached Casselman, and Casselman punched him in the chest. Casselman then tried to punch the deputy in his face. Stevin moved away and used his pepper spray. He thought Casselman was subdued, and he began to approach the passenger, but the passenger ran away. When Stevin turned back to Casselman, he saw he also had run away, heading down the street. Stevin admitted he could not say whether the substance he thought was crack cocaine was in fact cocaine. It was never recovered nor was the bicycle passenger found.
Stevin pursued Casselman in his police vehicle. Tipped off by a neighbor, Stevin found Casselman behind a house, attempting to crawl under a camper-trailer. Stevin claimed Casselman ignored his commands to put out his hands so he could handcuff him. He wrestled with Casselman, and Casselman cursed, yelled, resisted, kicked, spit and attempted to bite Stevin in the leg. Backup officers arrived and eventually subdued Casselman by cuffing him, hobbling him and pulling his shirt over his head.
The double jeopardy case law in this state is far from clear. It appears that multiple counts of the same offenses, in a single episode, may not be charged, and different offenses charged as a result of a single episode may, in some cases, also violate double jeopardy. See United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); Zeigler v. State, 714 So.2d 1197 (Fla. 4th DCA 1998); Khan v. State, 704 So.2d 1129 (Fla. 4th DCA 1998). The offenses of assault and battery are traditionally considered separate and different offenses because they proscribe different acts.[6] And the tampering offense clearly sets forth very different elements than the other offenses.[7]
However, the resisting offense[8] may punish the same conduct as the assault and battery offenses. As defined by the statute it requires a willful or knowing resistance, obstruction, or opposition of a law enforcement officer executing his legal duty by "offering or doing violence to the person of the officer." In a case where there is only one assault or one battery and the same underlying acts are involved in the resisting charge, double jeopardy may bar duplicate convictions.
*485 In this case there were, in fact, two episodes. The first occurred when Casselman was initially stopped by Stevin. He struck Stevin and then attempted to hit him in the face. This episode is sufficient basis for the assault and battery charges. The second set of acts which comprised the resisting charge occurred after Stevin had run away from the deputy and the deputy was trying to arrest him. Thus we find no double jeopardy problem with these convictions.
With regard to the departure sentence, the trial court departed upwards in imposing a sentence of ten years; five on the battery count and the resisting account, to be followed by five years on the tampering account. The trial court gave as its reason for departing that Casselman committed the offense of battery for the purpose of avoiding detection and the responsibility for another offensepossession of cocaine. Its written reason was "pursuant to 921.0016(3); Capers v. State, 678 So.2d 330 (Fla.1996); Davis v. State, 700 So.2d 130 (Fla. 4th DCA 1997) offense committed to prevention of detection of his criminal conduct by law enforcement and to escape from being stopped and detained by them."
Casselman argues that the departure reasons are invalid because they are inherent in all of the offences charged. Smith v. State, 620 So.2d 187 (Fla.1993); Gordon v. State, 599 So.2d 1048 (Fla. 5th DCA 1992). However, the sentencing guidelines which became effective on January 1, 1994 changed the law and allow a court to enhance based on an element of the offense. Capers v. State, 678 So.2d 330 (Fla.1996).
The problem in this case is that at trial there was no evidence of the criminal felony offense, to prevent the detection of which Casselman committed the other offenses. The state was able to adduce no proof that the objects thrown to the bicycle passenger or on the ground were in fact crack cocaine. Even the deputy said he could not testify what the substance was; he merely suspected it was crack cocaine. Because there was insufficient or no evidence to support the departure sentence, it must be reversed. See State v. Stewart, 749 So.2d 555 (Fla. 2d DCA 2000); Fleshman v. State, 736 So.2d 1219 (Fla. 5th DCA 1999); Johnson v. State, 689 So.2d 1111 (Fla. 2d DCA 1997). Where there is no evidence to support the sentencing departure reasons, the failure to object does not preclude the issue on appeal, because it is fundamental error.[9]Hicks v. State, 583 So.2d 1106 (Fla. 2d DCA 1991). See also Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984); Reynolds v. State, 429 So.2d 1331, 1333 (Fla. 5th DCA 1983).
AFFIRMED in part; REVERSED in part; REMANDED for Resentencing.
DAUKSCH and PLEUS, JJ., concur.
NOTES
[1] §§ 784.03, 784.07(2)(b), Fla.Stat. (1997).
[2] § 843.01, Fla.Stat. (1997).
[3] §§ 784.011, 784.07(2), Fla.Stat. (1997).
[4] § 918.13(1)(a), Fla.Stat. (1997).
[5] Hernandez v. State, 569 So.2d 938 (Fla. 3d DCA 1990); Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979).
[6] Section 784.03 provides:

(1)(a) The offense of battery occurs when a person:
1. Actually and intentionally touches or strikes another person against the will of the other....
The offense of assault on a law enforcement officer is set forth in section 784.011. The punishment for this offense is also enhanced by section 784.07(2). Section 784.011 provides:
(1) An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
[7] Tampering with evidence is prohibited by section 918.13(1)(a), as follows:

(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation;. ...
[8] Section 843.01 prescribes the offense of resisting an officer with violence, and provides:

Whoever knowingly and willfully resists, obstructs, or opposes any officer ... in the lawful execution of any legal duty, by offering or doing violence to the person of such officer....
[9] Sentencing errors which constitute fundamental error may be reviewed without objection. Maddox v. State, 760 So.2d 89 (Fla. 2000).