995 So.2d 597 (2008)
Larry L. ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-3805.
District Court of Appeal of Florida, First District.
November 17, 2008.
*598 Larry L. Armstrong, pro se, Appellant.
Bill McCollum, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Mr. Armstrong appeals the order summarily denying his motion for postconviction relief, and supplemental motions thereto, which together raised six claims for relief. We are constrained to reverse on all grounds but one as a result of the limited record before us.
In response to the trial court's order to show cause, the State filed a legal memorandum in support of summary denial of the motion. In the memorandum, the State repeatedly cited to and quoted from portions of the trial transcript. The record before us does not, however, contain a copy of the trial transcript. Accordingly, the record conclusively refutes only one of the claims made by Mr. Armstrong in his various motions.
First, Mr. Armstrong argued his counsel was ineffective for failing to object to and request a curative instruction regarding the prosecutor's comment during closing argument that "[t]he defendant, no doubt knew he was an officer and the defendant told you he knew he was a[n] officer." Mr. Armstrong argued this statement constituted a personal opinion of the prosecutor or a comment on matters not in evidence. The State, on the other hand, alleged that evidence adduced at trial, including Mr. Armstrong's testimony, supported the prosecutor's comment. The State maintained that the statement "the defendant told you he knew he was an officer" "was not directly quoting the defendant's testimony, but rather was drawing a logical inference based on the defendant's testimony that he knew Sims was an officer." Mr. Armstrong's claim on this score cannot be properly evaluated without the trial transcript.
Second, Mr. Armstrong contended that counsel was ineffective for failing to move for a mistrial after the prosecutor's improper comment. The State, however, alleged that the prosecutor's comment did not deprive Mr. Armstrong of a fair trial and was not so inflammatory as to have influenced the jury. This claim is likewise unreviewable absent a trial transcript.
Third, Mr. Armstrong averred that trial counsel was ineffective by opening the door to questions about Jacksonville Sheriff's Office's review of the incident precipitating the charges against him. The State argued, in opposition, that the defense's strategy at trial was to paint Mr. Armstrong as a victim of police brutality; that in response to that defense, the court allowed the State to elicit testimony from the officer that the incident had been reviewed by the Jacksonville Sheriff's Office and had been determined not to have violated office policy; and that trial counsel objected to the State asking about the review result, thereby preserving the issue for appeal. Again, we cannot adequately evaluate this claim without the trial transcript.
Fourth, Mr. Armstrong argued that trial counsel was ineffective by failing to object to the State's violation of Rule 3.220(b), Florida Rules of Criminal Procedure, when the State played an audiotape of the criminal *599 offensewhich he alleged was not provided to the defense during discoveryto the jury. The State, on the other hand, maintained that Mr. Armstrong's claim was refuted by the record, which it claimed shows that the State listed the audiotape in discovery prior to trial. The record is bereft of any such documentation, however, precluding our review of this claim.
Fifth, Mr. Armstrong alleged that counsel was ineffective for failing to advise him of the State's possession of the audiotape of the alleged offense when counsel presented him with the State's plea offer of eight years' imprisonment as a habitual offender, which Mr. Armstrong contended he would have accepted if he had been so advised. The State argued, however, that there was no eight-year offer. Moreover, the State alleged that Mr. Armstrong could not show that he would have accepted such an offer, even if it had been made, because he maintained his innocence throughout. Review of this claim is not possible because there is no evidence in the record on any of those matters.
Finally, Mr. Armstrong argued that the trial court violated double jeopardy principles by convicting him of both aggravated assault on a law enforcement officer and battery on a law enforcement officer. As to this ground alone, we affirm the denial of relief. See Virgil v. State, 894 So.2d 1053 (Fla. 5th DCA 2005) (citing Casselman v. State, 761 So.2d 482 (Fla. 5th DCA 2000)).
It is well established that when a Rule 3.850 motion for postconviction relief is summarily denied, as Mr. Armstrong's was in this case, we must reverse and remand for an evidentiary hearing or other appropriate relief "unless the record shows conclusively that the appellant is entitled to no relief." Fla. R.App. P. 9.141(b)(2)(D) (2008). When there has been no evidentiary hearing, we must accept as true those factual allegations made by the appellant that are not refuted by the record. See Parker v. State, 904 So.2d 370, 376 (Fla. 2005) (citing Peede v. State, 748 So.2d 253 (Fla.1999)).
Mr. Armstrong raised facially sufficient postconviction claims, and, with respect to all but one, the record does not conclusively demonstrate he is entitled to no relief. Accordingly, except as to the double jeopardy ground, we reverse and remand for further proceedings. See, e.g., Robinson v. State, 984 So.2d 1281, 1282 (Fla. 1st DCA 2008) (reversing and remanding for "record attachments conclusively demonstrating appellant is entitled to no relief, or for further proceedings consistent with rule 3.850").
REVERSED and REMANDED in part, AFFIRMED in part.
BROWNING, C.J., WOLF, and BENTON, JJ., concur.