PER CURIAM.
 

 Appellant previously appealed the trial court’s order summarily denying his motion for postconviction relief and supplemental motions thereto, which together raised six claims for relief. In
 
 Armstrong v. State,
 
 995 So.2d 597 (Fla. 1st DCA 2008), this court reversed five of those claims as unrefuted by the record. Appellant now appeals the trial court’s order summarily denying the five claims. We reverse on two of those grounds as a result of the limited record before us.
 

 Appellant argued five grounds of ineffective assistance of counsel below. To demonstrate ineffective assistance of counsel, Appellant must show that (1) counsel’s performance was deficient; and (2) there is a reasonable probability that the outcome of the proceeding would have been different had counsel not performed defi-ciently.
 
 See Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 We affirm without further .comment the trial court’s summary denial of Appellant’s first three grounds of ineffective assistance of counsel. Because the record does not conclusively show that Appellant is not entitled to relief on the remaining two grounds, however, we are constrained to reverse.
 

 In Appellant’s fourth ground alleging ineffective assistance of counsel, he argued below that counsel ineffectively failed to object to the introduction at trial of an audiotape that the State did not provide during discovery. Appellant alleged that his counsel’s failure to object prejudiced his case because the audiotape refutes his claim of self defense. The record before us does not contain any evidence refuting Appellant’s claim.
 

 In his fifth ground, Appellant argued that counsel ineffectively failed to
 
 *697
 
 inform him that the State had an incriminating audiotape prior to rejecting the State’s plea offer.
 
 See Cottle v. State,
 
 733 So.2d 963, 969 (Fla.1999). The trial court did not comment on Appellant’s claim but, rather, attached the State’s response, in which the Assistant State Attorney explained, “I recall no such offer.” No evidence in the record, however, refutes Appellant’s claim.
 

 Accordingly, we reverse the trial court’s summary denial of Appellant’s fourth and fifth grounds of ineffective assistance of counsel. Because the trial court has twice denied Appellant’s motion for postconviction relief, it should hold an evidentiary hearing on these claims and grant relief, if required.
 

 AFFIRMED in part, REVERSED in part, and REMANDED with instructions consistent with this opinion.
 

 HAWKES, C.J., BENTON and THOMAS, JJ, concur.