PER CURIAM.
The State appeals the trial court’s order granting Appellee’s motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
Lester Hackley was originally sentenced as a prison releasee reoffender (PRR) after committing a burglary of a conveyance with an assault. The trial court granted the rule 3.800(a) motion and resentenced Mr. Hackley without the PRR designation [1] because the Florida Supreme Court has determined that burglary of a conveyance with a battery, which is a greater offense than burglary of a conveyance with an assault, does not qualify for PRR sentencing. See State v. Hearns, 961 So.2d 211, 213 (Fla.2007); but see Shaw v. State, 26 So.3d 51, 53 (Fla. 5th DCA 2009) (“[W]e recognize the irony that a defendant who commits a battery during the commission of a felony does not qualify as a PRR *328 under the statute, but a defendant who commits an assault does.”).
A basic tenet of statutory construction compels a court to interpret a statute so as to avoid a construction that would result in unreasonable, harsh, or absurd consequences. See Thompson v. State, 695 So.2d 691, 693 (Fla.1997). Thus, to avoid the absurd consequence of encouraging a defendant who has already committed burglary with an assault to put the victim in physical danger by committing a battery to avoid the possibility of PRR sentencing, we affirm the trial court’s order. To the extent this decision conflicts with the Fifth District’s decision in Shaw, we certify conflict.
AFFIRMED.
BENTON, PADOVANO, and CLARK, JJ., concur.

. At resentencing, as a result of an apparent oversight, the trial court checked the line designating the appellant as a "prison releasee reoffender." It is apparent from the trial court's order and the reduced sentence that the trial court did not intend to re-sentence the appellant as a PRR.