EVANDER, J.
Kirby was convicted of burglary of a conveyance with an assault[1] and sentenced to life imprisonment as a prison releasee reoffender.[2] He contends that although the State’s evidence might have been sufficient to establish the commission of a battery during the course of the burglary, it was insufficient to prove an assault. We affirm.
We recognize that Kirby’s argument is motivated by the fact that he could not be sentenced as a prison releasee reof-fender if convicted of burglary of a conveyance with a battery, but was eligible to be so sentenced upon his conviction of burglary of a conveyance with an assault. See Shaw v. State, 26 So.3d 51 (Fla. 5th DCA 2009) (recognizing irony that burglary with assault is qualifying offense under PRR statute, but burglary with battery is not); but see State v. Hockley, — So.3d -, 2010 WL 4273625 (Fla. 1st DCA 2010) (holding that burglary with assault is not qualifying offense under PRR statute; certifying conflict with Shaw), rev. granted, 55 So.3d 1288 (Fla.2011). However, in the instant case, the State charged Kirby with burglary of an occupied conveyance with an assault only. He was not charged with the commission of a battery during the course of a burglary. Thus, the issue presented is whether the State’s evidence is legally sufficient to support Kirby’s conviction.
Assault and battery are separate and distinct offenses because they proscribe different acts. Casselman v. State, 761 So.2d 482, 484 (Fla. 5th DCA 2000). An “assault” is “an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act *934 which creates a well-founded fear in such other person that such violence is imminent.” § 784.011(1), Fla. Stat. (2009). The offense of battery occurs when a person intentionally touches or strikes another person against that person’s will, or intentionally causes bodily harm to another. § 784.03(l)(a), Fla. Stat. (2009). Accordingly, one can commit both an assault and a battery in a single criminal episode. See, e.g., Casselman (defendant could be convicted of both battery and assault where after punching victim, defendant attempted to strike victim again).
Here, the evidence established that during the course of the burglary of the victim’s motor vehicle, Kirby committed both a battery and an assault. He entered the victim’s vehicle without her consent, punched her, and then threatened (by act) to strike her again — creating a well-founded fear in the victim that additional violence was imminent.
AFFIRMED.
PALMER and LAWSON, JJ., concur.

. § 810.02(l)(b),(2)(a), Fla. Stat. (2009).

. § 775.082(9)(a)l.o„ Fla. Stat. (2009).