CANADY, J.
In this case, we consider whether a conviction for burglary of a conveyance with an assault qualifies a defendant for sentencing as a prison releasee reoffender (PRR) under section 775.082(9)(a)1, Florida Statutes (2006). We have for review the decision of the First District Court of Appeal in State v. Hackley, 93 So.3d 327 (Fla. 1st DCA 2010), which held that burglary of a conveyance with an assault does not qualify for PRR sentencing. The First District certified its decision to be in direct conflict with the decision of the Fifth District Court of Appeal in Shaw v. State, 26 So.3d 51 (Fla. 5th DCA 2009). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we agree with the Fifth District that burglary of a conveyance with an assault is a qualifying offense under the PRR statute.
BACKGROUND
On October 3, 2006, Lester Hackley was convicted of one count of burglary of a conveyance with a person assaulted. Hackley’s conviction stemmed from a March 12, 2006, incident in which Hackley assaulted two individuals — one of whom was inside a car. Because the offense for which Hackley was convicted occurred less than three years after he had been released from serving another sentence in state prison, the trial court sentenced Hackley to life in prison as a PRR pursuant to section 775.082(9)(a)1, Florida Statutes (2006).
On June 2, 2009, Hackley filed a motion to correct illegal sentence in the trial court, alleging that the crime for which he was convicted did not qualify him for PRR sentencing. The trial court granted Hack-ley’s motion.
The First District affirmed the trial court’s ruling, holding that burglary of a conveyance with an assault is not a qualifying offense under the PRR statute. Hackley, 93 So.3d at 327. The First District relied on this Court’s decision in State v. Hearns, 961 So.2d 211, 213 (Fla.2007), which held that battery of a law enforcement officer (BOLEO) was not a forcible felony under section 775.084, Florida Statutes (2000), the statute providing enhanced sentencing for violent career criminals.
ANALYSIS
The question of statutory interpretation presented here is subject to de novo review. See Curd v. Mosaic Fertilizer, LLC, 39 So.3d 1216, 1220 (Fla.2010). The first place we look when construing a statute is to its plain language — if the meaning of the statute is clear and unambiguous, we look no further. Id. (citing Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006)).
*94 The PRR statute provides, in relevant part:
(9)(a)l. “Prison releasee reoffender” means any defendant who commits, or attempts to commit:
a. Treason;
b. Murder;
c. Manslaughter;
d. Sexual battery;
e. Carjacking;
f. Home-invasion robbery;
g. Robbery;
h. Arson;
i. Kidnapping;
j. Aggravated assault with a deadly weapon;
k. Aggravated battery;
l. Aggravated stalking;
m. Aircraft piracy;
n. Unlawful throwing, placing, or discharging of a destructive device or bomb;
o. Any felony that involves the use or threat of physical foYce or violence against an individual;
p. Armed burglary;
q. Burglary of a dwelling or burglary of an occupied structure; or
r. Any felony violation of s. 790.07, s. 800.04, s. 827.03, or s. 827.071;
within 3 years after being released from a state correctional facility operated by the Department of Corrections or a private vendor or within 3 years after being released from a correctional institution of another state, the District of Columbia, the United States, any possession or territory of the United States, or any foreign jurisdiction, following incarceration for an offense for which the sentence is punishable by more than 1 year in this state.
§ 775.082(9)(a)1, Fla. Stat. (2006) (emphasis added).[1] Because burglary of a conveyance with an assault is not an enumerated offense under the PRR statute, it is a qualifying offense only if it falls under subsection (o) — “[a]ny felony that involves the use or threat of physical force or violence against an individual.” We conclude that it does.
Burglary of a conveyance with an assault — a first-degree felony — is the unauthorized “[ejntering [of] a ... conveyance with the intent to commit an offense therein,” where, “in the course of committing the offense, the offender ... [m]akes an assault ... upon any person.” § 810.02(1)(b)1-(2)(a), Fla. Stat. (2006). “An ‘assault’ is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.” § 784.011(1), Fla. Stat. (2006).
The plain language of the burglary, assault, and PRR statutes leads us to conclude that burglary of a conveyance with an assault is a qualifying PRR offense. Because burglary of a conveyance with an assault is a felony that necessarily involves the “threat by word or act to do violence to the person of another,” it falls within subsection (o) of the PRR statute, which covers “[a]ny felony that involves the use or threat of physical force or violence against an individual.”
*95 Our decision in Hearns does not require a different result. In Hearns, we held that a conviction for BOLEO did not qualify a defendant for sentencing as a violent career criminal (VCC). 961 So.2d at 219. The VCC statute contains a list of enumerated qualifying offenses, as well as a provision incorporating “[a]ny forcible felony, as described in s. 776.08.” § 775.084(1)(d)1.a, Fla. Stat. (2000). Section 776.08 enumerates several forcible felonies and also includes a catch-all provision covering “any other felony which involves the use or threat of physical force or violence against any individual.” § 776.08, Fla. Stat. (2000). Applying the “statutory elements” test set forth in Perkins v. State, 576 So.2d 1310 (Fla.1991), we reasoned that
for an offense to be a forcible felony under section 776.08, the “use or threat of physical force or violence” must be a necessary element of the crime. If an offense may be committed without the use or threat of physical force or violence, then it is not a forcible felony.
Hearns, 961 So.2d at 215 (quoting Perkins, 576 So.2d at 1313). We concluded that because BOLEO can be committed by merely intentionally touching a law enforcement officer against his will, it is not a forcible felony “as described in the final clause of section 776.08” and therefore not a qualifying offense under the VCC statute. Id. at 218-19.
Although Hearns involved sentencing under the VCC statute, we recognized that “whether BOLEO is a qualifying offense must be answered consistently under both the VCC statute and the PRR statute,” id. at 217, because both statutes extended to any felony which “involves the use or threat of physical force or violence against an individual.” Id. (quoting § 775.082(9)(a)1.o, Fla. Stat. (2000)). We observed that “where the Legislature uses the exact same words or phrases in two different statutes, we may assume it intended the same meaning to apply.” Hearns, 961 So.2d at 217 (citing Goldstein v. Acme Concrete Corp., 103 So.2d 202 (Fla.1958)). Accordingly, we held that “[b]ecause unwanted touching under [the BOLEO statute] may not necessarily be a violent act, it cannot be a qualifying offense for PRR sentencing.” Id. at 218.
The First District correctly concluded that — after Hearns — burglary of a conveyance with a battery is not a qualifying offense under the PRR statute. The First District, however, incorrectly relied on this point in holding that burglary of a conveyance with an assault is likewise not a PRR qualifying offense. The First District reasoned that to hold otherwise would lead to “the absurd consequence of encouraging a defendant who has already committed burglary with an assault to put the victim in physical danger by committing a battery to avoid the possibility of PRR sentencing.” Hackley, 93 So.3d at 328. We disagree.
In certain circumstances, the absurdity doctrine may be used to justify departures from the general rule that courts will apply a statute’s plain language. See State v. Burris, 875 So.2d 408, 414 (Fla.2004). We thus have recognized that “a sterile literal interpretation should not be adhered to when it would lead to absurd results.” Maddox v. State, 923 So.2d 442, 448 (Fla.2006). But the absurdity doctrine is not to be used as a freewheeling tool for courts to second-guess and supplant the policy judgments made by the Legislature. It has long been recognized that the absurdity doctrine “is to be applied to override the literal terms of a statute only under rare and exceptional circumstances.” Crooks v. Harrelson, 282 U.S. 55, 60, 51 S.Ct. 49, 75 L.Ed. 156 (1930); see also Barnhart v. Sigmon Coal Co., 534 U.S. 438, 459, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002) (noting that the Supreme Court “rarely invokes such a test to override unambiguous legislation”).
*96 The absurdity doctrine does not apply in this case. An assault — by definition — always includes the threat to do violence. § 784.011(1), Fla. Stat. (2006). Battery, on the other hand, does not necessarily involve the threat or use of force or violence. § 784.03(1), Fla. Stat. (2006); Hearns, 961 So.2d at 218. The Legislature could rationally have intended — as the plain language of the PRR statute suggests — to subject a defendant to PRR sentencing for committing a felony that necessarily involves violence or the threat of violence, but not for a felony that can be committed without violence or the threat of violence.
The First District’s postulate of a rational criminal calculating how to avoid the PRR sanction is a postulate that itself courts absurdity. If we suspend disbelief, however, and entertain the First District’s concept of such a rationally calculating offender deciding to escalate his offense, we would see that his calculation would likely be too clever by half, since battery — at least when committed in the course of another felony such as burglary of an occupied conveyance — is in the nature of things likely to be preceded by conduct that constitutes an assault.
CONCLUSION
We therefore quash the First District’s decision on review and remand for proceedings consistent with this opinion. We approve the Fifth District’s decision in Shaw.
It is so ordered.
POLSTON, C.J., and LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs in result.

. Those portions of section 775.082(9)(a)1 relevant to this decision have remained unchanged since the time of Hackley’s crime, conviction, and sentencing. The sole revision to section 775.082(9)(a)1 since that time has been to add "or s. 847.0135(5)” to subsection (r), which — prior to the revision — only incorporated "[a]ny felony violation of s. 790.07, s. 800.04, s. 827.03, or s. 827.071” into the PRR statute. Ch. 2008-172, § 13, at 1984-85, Laws of Fla.