IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LESTER HACKLEY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-5934

_____/

Opinion filed December 8, 2015.

An appeal from the Circuit Court for Leon County.
Jonathan E. Sjostrom, Judge.

Shannon J. Stallings, Apalachicola, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle Denise Lylen, Assistant Attorney General, Tallahassee, for Appellee.

SMILEY, ELIJAH, Associate Judge

      Appellant, Lester Hackley, challenges the reimposition of a mandatory life sentence after the supreme court determined in State v. Hackley, 95 So. 3d 92, 93 (Fla. 2012), that his conviction for burglary of a conveyance with an assault was a qualifying offense under the prison releasee reoffender statute, section 775.082(9), Florida Statutes (2006). Appellant raises multiple issues, but we write only to

address his claim of sentencing error under Florida Rule of Criminal Procedure 3.800(b) based on alleged racial discrimination by the prosecuting authorities in seeking enhancement under the statute. Although constitutional claims may be raised in a 3.800(b) motion, the rule preserves errors apparent "in sentence-related *orders*, not any error in the sentencing process." Jackson v. State, 983 So. 2d 562, 572 (Fla. 2008) (emphasis in original). Alleged discrimination by the prosecution in seeking enhancement is not an error apparent on the face of the order itself; thus, the 3.800(b) motion failed to preserve this issue for appellate review. Because Appellant did not raise the alleged error during the resentencing hearing, this Court is precluded from reaching the merits of this issue.

AFFIRMED.

WETHERELL and RAY, JJ., CONCUR.