IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DARYL BUSH,

      Appellant,

 v.                                   Case No.  5D16-2344

WHITNEY BANK, A MISSISSIPPI STATE
CHARTERED BANK, FORMERLY KNOWN
AS HANCOCK BANK, A MISSISSIPPI STATE
CHARTERED BANK, AS ASIGNEE OF THE
FDIC AS RECEIVER FOR PEOPLES FIRST
COMMUNITY BANK, ETC.,

      Appellee.

_____/

Opinion filed May 19, 2017

Appeal from the Circuit Court
for Orange County,
John Marshall Kest, Judge.

L. William Porter, III, of Bogin, Munns &
Munns, P.A. of Orlando, for Appellant.

Michael Anthony Shaw and Stephen P.
Drobny of Jones Walker, LLLP, Miami, for
Appellee.

PALMER, J.

     In this breach of contract action, Daryl Bush (the borrower) appeals the final

judgment of monetary damages entered by the trial court in favor of Whitney Bank (the

bank). Because the trial court properly ruled that the one-year statute of limitations in

section 95.11(5)(h) of the Florida Statutes (2015) did not apply to the bank's action, we affirm.

The borrower signed a promissory note (secured by a mortgage) and delivered it to the Peoples First Community Bank. The note was later transferred to Hancock Bank. Subsequently, the borrower requested a short sale which Hancock Bank approved. In the letter approving the short sale, Hancock Bank wrote:

> 15. The "shortfall" due to Hancock Bank is estimated at $235,093,80. The Borrower(s) will continue to be obligated to pay Hancock Bank the shortfall amount (outstanding loan balancing including additional charges, less net sale proceeds in [the] amount of $235.093.80).

The borrower accepted the terms of the letter, and the short sale occurred on August 31, 2011.

On September 19, 2015, the bank filed an action seeking to reestablish a lost note and to obtain damages for the borrower's breach of the promissory note. The borrower filed a motion to dismiss the action, alleging that the action was time barred under section 95.11(5)(h) which provides:

> [a]n action to enforce a claim of a deficiency related to a note secured by a mortgage against a residential property that is a one-family to four-family dwelling unit. The limitations period shall commence on the day after the certificate is issued by the clerk of court or the day after the mortgagee accepts a deed in lieu of foreclosure.

In particular, he argued that section 95.11(5)(h) should be interpreted in conjunction with section 702.06 of the Florida Statutes (2015) which reads:

> **Deficiency decree; common law suit to recover deficiency**
>
> In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the

2

sound discretion of the court; however, in the case of an owner-occupied residential property, the amount of the deficiency may not exceed the difference between the judgment amount, or in the case of a short sale, the outstanding debt, and the fair market value of the property on the date of sale.

After a hearing, the trial court denied the motion. Thereafter, the bank successfully moved for the entry of a final summary judgment for monetary damages, and this appeal followed.

The borrower argues that the trial court misinterpreted section 95.11(5)(h) in ruling that the one-year statute of limitations did not apply to the bank's action. Specifically, he contends that section 95.11(5)(h) must be interpreted in conjunction with section 702.06. We disagree.[1]

"Questions of statutory interpretation are matters of law that are reviewed de novo." Green v. Cottrell, 204 So. 3d 22, 26 (Fla. 2016). "The first place [a court] look[s] when construing a statute is to its plain language—if the meaning of the statute is clear and unambiguous, [a court] look[s] no further." State v. Hackley, 95 So. 3d 92, 93 (Fla. 2012) (citing Curd v. Mosaic Fertilizer, LLC, 39 So. 3d 1216, 1220 (Fla. 2010)).

Here, the first sentence of section 95.11(5)(h) sets forth a one-year statute of limitations for "[a]n action to enforce a claim of a deficiency related to a note secured by a mortgage against a residential property that is a one-family to four-family dwelling unit." The statute's second sentence clarifies the scope of the first sentence, providing: "The limitations period shall commence on the day after the certificate is issued by the clerk of

---

[1] The parties do not dispute that section 95.11(2)(b) (providing a five-year limitations period for "[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument") would apply if subsection (5)(h) does not.

court or the day after the mortgagee accepts a deed in lieu of foreclosure." Id. Accordingly, the limitations period is triggered by one of two events: 1) issuance of certificate by clerk or 2) acceptance of deed in lieu of foreclosure by mortgagee. After a short sale, neither of these events occur. Thus, pursuant to the statute's plain terms, section 95.11(5)(h) does not apply to the bank's action.

The borrower further contends that, if section 95.11(5)(h) does not apply to an action following a short sale, then the portion of section 702.06 addressing short sales would effectively be read out of the statute. We disagree.

The language of section 702.06 does suggest that the Legislature considers an action following a short sale to be a deficiency action for certain purposes. However, the statute does not address when such an action must be brought. Rather, it establishes a maximum amount of damages which may be recovered in an action following a short sale. Accordingly, even though the one-year statute of limitations does not govern this type of action, section 702.06 operates to limit the recovery in this type of action to the difference between the outstanding debt and fair market value at the time of the short sale. Thus, our interpretation of section 95.11(5)(h) does not render the short sale provision in section 702.06 meaningless.

The borrower additionally argues that the legislative history supports his interpretation of the statute. However, when a statute is not ambiguous, a court is not authorized to resort to the legislative history to determine the statute's meaning. Fla. Dep't. of Revenue v. Fla. Mun. Power Agency, 789 So. 2d 320, 323 (Fla. 2001).

AFFIRMED.

JACOBUS, B.W., Senior Judge, concurs.
BERGER, J., concurring specially.

4

BERGER, J., concurring specially.                                    Case No. 5D16-2344

        I agree with the majority that the plain language of section 95.11(5)(h) does not support the borrower's argument.  I write separately to note that, in my view, legislative history is useless as a tool for deriving legislative intent, even in the face of an ambiguous statute.  Indeed, "it is utterly impossible to discern what the Members of [the Legislature] intended except to the extent that intent is manifested in the *only* remnant of 'history' that bears the unanimous endorsement of the majority in each House: the text of the enrolled bill that became law."  Graham Cty. Soil & Water Conservation Dist. v. United States, 559 U.S. 280, 302 (2009) (Scalia, J., concurring).