PARIENTE, J., dissenting.
 

 The narrow certified question in this case is whether the trial court should have considered Purdy's
 
 aggregate
 
 sentence resulting from criminal acts that arose from one criminal episode that occurred at the same time on the same day. I would answer that question in the affirmative because failing to consider a juvenile defendant's aggregate prison sentence for crimes that arose from a single criminal
 episode when determining whether the sentence is constitutional violates the Eighth Amendment.
 

 In 1997, Kenneth Purdy was sentenced to life without parole for a 1995 first-degree murder and a consecutive sentence of 9.4 years for armed robbery and armed kidnapping (concurrent with each other but not to the first-degree murder), all of which arose from the same criminal episode that occurred on the same day at the same time. At his resentencing hearing in 2015, conducted pursuant to the United States Supreme Court's opinion in
 
 Miller v. Alabama
 
 ,
 
 567 U.S. 460
 
 ,
 
 132 S.Ct. 2455
 
 ,
 
 183 L.Ed.2d 407
 
 (2012), the trial court made the constitutionally required determinations and found that Purdy was "rehabilitated" and "fit to reenter society." Yet, considering itself constrained by its interpretation of the applicable sentencing statutes, which the plurality adopts today, the trial court concluded that it did not have the authority to consider Purdy's aggregate sentence of life plus 9.4 years. In my view, that result, if compelled by the plain reading of the statute, as the plurality suggests, leads to a clear Eighth Amendment violation in Purdy's case.
 

 The result reached by the plurality today ignores and cannot be reconciled with the United States Supreme Court's opinions in
 
 Graham v. Florida
 
 ,
 
 560 U.S. 48
 
 ,
 
 130 S.Ct. 2011
 
 ,
 
 176 L.Ed.2d 825
 
 (2010), and
 
 Miller
 
 and this Court's subsequent opinions in
 
 Henry v. State
 
 ,
 
 175 So.3d 675
 
 (Fla. 2015), and
 
 Horsley v. State
 
 ,
 
 160 So.3d 393
 
 , 405 (Fla. 2015). Leighdon Henry received an aggregate term-of-years' sentence of ninety-years' imprisonment but, unlike Purdy, was granted relief by this Court.
 
 See
 

 Henry
 
 ,
 
 175 So.3d at 676
 
 . Henry, like Purdy, was seventeen at the time of his crimes and was convicted of a number of crimes, including two counts of robbery and one count of kidnapping.
 

 Id.
 

 In granting Henry resentencing, this Court held that "the Eighth Amendment will not tolerate prison sentences that lack a review mechanism for evaluating this special class of offenders for demonstrable maturity and reform in the future because any term of imprisonment for a juvenile is qualitatively different than a comparable period of incarceration is for an adult."
 

 Id.
 

 at 680
 
 .
 

 Purdy's sentence was the result of a single criminal episode, for which he has been found rehabilitated. Accordingly, I would conclude, based upon this Court's opinion in
 
 Henry
 
 , that sections 775.082(1)(b) and 921.1402 required the trial court to consider and modify Purdy's aggregate sentence at the resentencing hearing. §§ 775.082(1)(b), 921.1402, Fla. Stat. (2015). Because the plurality's analysis is one that the Legislature clearly did not contemplate or intend and is unconstitutional under the Eighth Amendment, I dissent.
 

 ANALYSIS
 

 It is well-established that juvenile offenders have "diminished culpability" relative to adults.
 
 Roper v. Simmons
 
 ,
 
 543 U.S. 551
 
 , 571,
 
 125 S.Ct. 1183
 
 ,
 
 161 L.Ed.2d 1
 
 (2005). As a result, the United States Supreme Court held in
 
 Graham
 
 that if a state sentences a juvenile to life for a nonhomicide offense, it must provide "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation."
 
 560 U.S. at 75
 
 ,
 
 130 S.Ct. 2011
 
 . Likewise, in
 
 Miller
 
 , the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," including those convicted of homicide offenses.
 
 567 U.S. at 479
 
 ,
 
 132 S.Ct. 2455
 
 .
 

 It was against this backdrop that the Legislature adopted chapter 2014-220, Laws of Florida.
 
 See
 
 §§ 775.082, 921.1401,
 921.1402, Fla. Stat. (2015) ; plurality op. at 725. Chapter 2014-220 provides for "sentence review proceedings to be conducted after a specified period of time by the original sentencing court for juvenile offenders convicted of
 
 certain
 
 offenses." Ch. 2014-220, Laws of Fla. (emphasis added);
 
 see
 
 § 921.1402(2), (6), Fla. Stat. (2015). "If the court determines ... that the juvenile offender has been rehabilitated and is reasonably believed to be fit to reenter society," section 921.1402(7) provides that "the court
 
 shall
 
 modify the sentence and impose a term of probation of at least 5 years."
 

 Id.
 

 § 921.1402(7) (emphasis added). Shortly after the Legislature enacted chapter 2014-220, this Court unanimously concluded that "applying chapter 2014-220, Laws of Florida, to all juvenile offenders whose sentences are unconstitutional under
 
 Miller
 
 is the appropriate remedy."
 
 Horsley
 
 ,
 
 160 So.3d at 405
 
 .
 

 Consistent with the United States Supreme Court's opinions in
 
 Graham
 
 and
 
 Miller
 
 and this Court's subsequent opinions in
 
 Henry
 
 and
 
 Horsley
 
 , courts reviewing sentences under section 921.1402 must have the authority to modify a juvenile's aggregate sentence, in order to preserve the statute's constitutionality. As we have previously explained:
 

 This Court has an obligation to construe a statute in a way that preserves its constitutionality.
 
 See
 

 State v. Harris
 
 ,
 
 356 So.2d 315
 
 , 316-17 (Fla. 1978) (construing section 812.021(3), in a constitutional manner where the statute was procedurally flawed);
 
 see also
 

 Fla. Dep't of Children & Families v. F.L.
 
 ,
 
 880 So.2d 602
 
 , 609 (Fla. 2004) (stating that the Court has an obligation to construe a statute in a way that preserves its constitutionality). It is this Court's duty to "save Florida statutes from the constitutional dustbin whenever possible."
 
 Doe v. Mortham
 
 ,
 
 708 So.2d 929
 
 , 934 (Fla. 1998). This Court is bound to "resolve all doubts as to the validity of the statute in favor of its constitutionality, provided the statute may be given a fair construction that is consistent with the federal and state constitutions as well as with legislative intent."
 
 Heart of Adoptions, Inc. v. J.A.
 
 ,
 
 963 So.2d 189
 
 , 207 (Fla. 2007) (citation omitted).
 

 Perry v. State
 
 ,
 
 210 So.3d 630
 
 , 638-39 (Fla. 2016).
 

 As a consequence of its interpretation of the statute, the plurality opinion correctly concedes that proportionality concerns may arise, stating "by limiting the review provisions to certain serious offenses, the Legislature has placed juveniles convicted of serious violent felonies in a better position than juveniles who commit less serious nonviolent offenses." Plurality op. at 729. However, a "sentence lacking any legitimate penological justification is by its nature disproportionate to the offense."
 
 Graham
 
 ,
 
 560 U.S. at 71
 
 ,
 
 130 S.Ct. 2011
 
 . When continued incarceration advances no penological purpose, the punishment runs afoul of the Eighth Amendment's prohibition of cruel and unusual punishment.
 
 See
 

 id.
 

 at 59
 
 ,
 
 130 S.Ct. 2011
 
 ("The concept of proportionality is central to the Eighth Amendment."). Indeed, this Court has previously held that some juvenile sentences are unconstitutional for this reason:
 

 Our conclusion that Landrum's sentence is unconstitutional is also compelled by the "precept of justice that punishment for crime should be graduated and proportioned to [the] offense."
 
 Graham v. Florida
 
 ,
 
 560 U.S. 48
 
 , 59,
 
 130 S.Ct. 2011
 
 ,
 
 176 L.Ed.2d 825
 
 (2010) (internal quotation omitted). Upholding Landrum's sentence would violate this precept, as a juvenile convicted of the lesser offense of second-degree murder would receive
 a harsher sentence than a juvenile convicted of first-degree murder.
 

 Landrum v. State
 
 ,
 
 192 So.3d 459
 
 , 460-61 (Fla. 2016).
 

 Despite the undeniable proportionality concerns, the plurality declares itself bound by the strict language of chapter 2014-220, concluding that "the existence of these limitations," or anomalies, "in the coverage of section 921.1402 provides no basis for a judicial expansion of the statute that ignores the unambiguous statutory provisions." Plurality op. at 729. Of course, in reaching this conclusion, the plurality ignores that we have stated time and again that "a sterile literal interpretation should not be adhered to when it would lead to absurd results."
 
 State v. Hackley
 
 ,
 
 95 So.3d 92
 
 , 95 (Fla. 2012) (quoting
 
 Maddox v. State
 
 ,
 
 923 So.2d 442
 
 , 448 (Fla. 2006) ).
 

 Contrary to the plurality's assertions, a constitutional interpretation of sections 775.082(1)(b) and 921.1402 is possible. By interpreting section 921.1402 in a way that permits sentencing courts to review the offender's "sentence" under subsection (7)-which includes the entire sentence for any one criminal episode, not just the sentence for a particular crime within a criminal episode-this Court can preserve the statute's constitutionality. Moreover, this interpretation is consistent with both this Court's and the United States Supreme Court's juvenile sentencing jurisprudence.
 

 In
 
 Henry
 
 , this Court held that
 
 Graham
 
 applies with equal force to aggregate sentences that do "not afford any 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' "
 
 Henry
 
 ,
 
 175 So.3d at 679
 
 (quoting
 
 Graham
 
 ,
 
 560 U.S. at 75
 
 ,
 
 130 S.Ct. 2011
 
 ). Therefore, Henry's 90-year aggregate sentence, resulting from consecutive sentences imposed on nine separate offenses, violated the Eighth Amendment.
 
 Id.
 
 at 676, 679. Henry's offenses, however, like Purdy's, were not all capital, life, or first-degree felonies punishable by life.
 
 Id.
 
 at 676. Nevertheless, this Court determined that Henry's consecutive sentences for multiple offenses were unconstitutional because the
 
 aggregate
 
 sentence failed to link a meaningful opportunity for release to demonstrated maturity and rehabilitation.
 
 Id.
 
 at 679-80. The Court's remedy would be meaningless if it did not apply to each link in the chain creating that constitutional infirmity.
 

 THIS CASE
 

 In 1995, at the age of seventeen, Purdy committed several crimes during the course of one criminal episode. Consequently, Purdy's entire sentence-life in prison without the possibility of parole plus 9.4 years-arose from the same criminal episode. Thus, when the trial court deemed Purdy to be "rehabilitated" and "fit to reenter society" this determination was not the byproduct of the trial court's consideration of only the offense of first-degree murder, but rather, the trial court's consideration of all of the crimes which Purdy committed that day. Accordingly, I would conclude, as this Court has done previously, that section 775.082(1)(b) afforded the trial court the authority to review and modify Purdy's aggregate prison sentence.
 

 CONCLUSION
 

 It is an anomaly that Kenneth Purdy, who has proven to the courts of this State that he has moved past his previous crimes and is ready to be a contributing member of society, must continue to be imprisoned. That anomaly is unconstitutional. I would, instead, read the applicable statutes as the Fifth District Court of Appeal did-to require the trial court to review and allow it to modify a juvenile offender's aggregate
 sentence for multiple convictions arising out of the same criminal episode. I would thus answer the certified question in the affirmative and approve the result reached by the Fifth District. But, since the plurality decision does not reach that result, I urge the Legislature to review the unconstitutional incongruities demonstrated by this case.
 

 LABARGA, J., concurs.