DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DYLAN CHARLES NICHOLS,

Appellant,

v.

DANIEL W. FRENCH,

Appellee.

No. 2D2024-2883

_____

May 20, 2026

Appeal from the Circuit Court for Pinellas County; Thomas M. Ramsberger, Judge.

Dorothy DiFiore of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, for Appellant.

Chad A. Barr and Dalton L. Gray of Law Office of Chad A. Barr, P.A., Altamonte Springs, for Appellee.


KHOUZAM, Judge.

Dylan Charles Nichols appeals the final judgment entered against him and in favor of Daniel W. French based on a nonbinding arbitration award. Nichols argues that the trial court improperly denied his motion for trial de novo and granted French's motion to enforce arbitration. We

agree, and therefore we reverse the final judgment and remand for a trial to be held.

After French filed a complaint against Nichols seeking damages for civil battery and intentional infliction of emotional distress, the court entered a case management order referring the parties to nonbinding arbitration. The order provided that "[i]f a party timely files a motion for a trial de novo following issuance of an arbitration award, <u>that party shall coordinate and set a case management conference</u> (15 minutes via telephone) <u>that shall occur within thirty (30) days from filing the motion for a trial de novo</u>." (Emphasis added.) The order did not specify any consequences of a failure to satisfy this additional requirement. The order did, however, note that the parties had already stipulated to a specific trial date in the event a timely motion for trial de novo was filed.

Nonbinding arbitration was held, and a nonbinding arbitration award was entered thereon. The very next day after the award was entered, Nichols filed a motion for trial de novo.

Several months later, French moved to enforce the arbitration award on the basis that Nichols had failed to coordinate and set a case management conference as required by the case management order. Following a hearing, the court granted French's motion to enforce the arbitration award and denied Nichols' motion for trial de novo as moot.

There was no dispute that Nichols had filed a timely motion for trial de novo as contemplated by section 44.103(5), Florida Statutes (2023), and Florida Rule of Civil Procedure 1.820(h) (2023). Nonetheless, the court found that Nichols had failed to properly request a trial de novo because he had not also complied with the court's own additional requirement in its case management order to set a case management conference.

The court reasoned that its additional requirement aligned with the legislative intent behind section 44.103(5) by ensuring that the case would be scheduled for trial. But the court made no findings that either the statute or rule was ambiguous before applying its view of the intent behind them. In further support of its interpretation, the court also pointed to the Florida Supreme Court's recent amendment to rule 1.820(h) requiring that a party seeking a trial do novo file both a notice of rejection of the arbitration decision <u>and</u> a request for trial. *See In re Amends. to Fla. Rules of Civ. Proc.*, 386 So. 3d 876, 877-78 (Fla. 2024). The court did so even though this amendment did <u>not</u> take effect until after the motion for trial de novo was filed in this case.

"A trial court's decision to deny a trial to a party to nonbinding arbitration after the filing of a timely motion for trial presents a question of law that can be determined as well by an appellate court as a trial court." *Bacon Fam. Partners, L.P. v. Apollo Condo. Ass'n*, 852 So. 2d 882, 887 (Fla. 2d DCA 2003). So we review the ruling de novo. *Id.*

The resolution of this dispute is straightforward. The plain language of both section 44.103(5) and the applicable version of rule 1.820(h) provide that an arbitration decision will be final <u>unless a timely motion for trial de novo is filed</u>. *See* § 44.103(5) ("An arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court."); Fla. R. Civ. P. 1.820(h) ("If a motion for trial is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision . . . .").

More than two decades ago in *Bacon Family Partners*, this court considered these same authorities and expressly <u>rejected</u> the argument

3

that "after the conclusion of nonbinding arbitration conducted pursuant to section 44.103 and rule 1.800, the trial court has discretion to consider and deny a party's timely motion for trial made pursuant to rule 1.820(h)." *Id.* at 888. We explained that "[n]othing in the language of the statute or the rule supports the conclusion that the trial court has the discretion to deny a party's timely motion for trial." *Id.* Indeed, we emphasized that a contrary approach threatened basic rights, saying "a rule giving the trial court discretion to deny a party a trial after nonbinding arbitration would very likely constitute a denial of access to the courts in violation of article 1, section 21, of the Florida Constitution." *Id.* at 889.

Here, the trial court did exactly what we have explained is prohibited: it denied a trial to a party entitled to one. None of the justifications offered below or on appeal can support the ruling.

To the extent the court attempted to apply the legislative intent behind section 44.103, it inappropriately did so without any analysis or even suggestion of ambiguity in the plain language. *See, e.g., State v. Hackley*, 95 So. 3d 92, 93 (Fla. 2012) ("The first place we look when construing a statute is to its plain language—if the meaning of the statute is clear and unambiguous, we look no further."). Insofar as the court relied on the amendment to rule 1.820(h), that amendment was not yet in effect at the time Nichols moved for trial de novo and, therefore, did not apply. *Cf. Stevens v. Fla. Peninsula Ins.*, 423 So. 3d 459, 461 (Fla. 2d DCA 2025) (holding proposals for settlement that satisfied the rules applicable at the time they were made were valid and enforceable despite subsequent rule change). Finally, while the court opined that the additional requirement was necessary to ensure that the case would be

4

scheduled for trial, it overlooked the fact that its own case management order already set forth a specific trial date.

Accordingly, we reverse the final judgment and remand for a trial to be held.

Reversed and remanded with instructions.

KELLY, J., Concurs.
ATKINSON, J. Concurs in result only.

_____

Opinion subject to revision prior to official publication.