PALMER, J.
In this breach of contract action, Daryl Bush (the borrower) appeals the final judgment of monetary damages entered by the trial court in favor of Whitney Bank (the bank). Because the trial court properly ruled that the one-year statute of limita *258 tions in section 95.11(5)(h) of the Florida Statutes (2015) did not apply to the bank’s action, we affirm.
The borrower signed a promissory note (secured by a mortgage) and delivered it to the Peoples First Community Báhk. The note was later transferred to Hancock Bank. Subsequently, the borrower requested a short sale which Hancock Bank approved. In the letter approving the short sale, Hancock Bank wrote:
15. The “shortfall” due to Hancock Bank is estimated at $235,093,80. The Borrower(s) will continue to be obligated to pay Hancock Bank the shortfall amount (outstanding loan balancing including additional charges, less net sale proceeds in [the] amount of $235.093.80).
The borrower accepted the terms of the letter, and the short sale occurred on August 31,2011.
On September 19, 2015, the bank filed an action seeking to reestablish a lost note and to obtain damages for the borrower’s breach of the promissory note. The borrower filed a motion to dismiss the action, alleging that the action was time' barred under section 95.11(5)(h) which provides:
[a]n action to enforce a claim of a deficiency related to a note secured by a mortgage against a residential property that is a one-family to four-family dwelling unit. The. limitations period shall commence on the day after the certificate is issued by the clerk of coürt or the day after the mortgagee accepts a deed in lieu of foreclosure.
In particular, he argued that section 95.11(5)(h) should be interpreted in conjunction with section 702.06 of the Florida Statutes (2015) which reads:
Deficiency decree; common law suit to recoverdeficiency
In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court; however, in the case of an owner-occupied residential property, the amount of the deficiency may not exceed the difference between the judgment amount, or in the case of a short sale, the outstanding debt, and the fair market value of the property on the date of sale.
After a hearing, the .trial court denied the motion. Thereafter, the bank successfully moved for the entry of a final summary judgment for monetary damages, and this appeal followed.
' The borrower argues that the trial court misinterpreted section 95.11(5)(h) in ruling that the one-year statute of limitations did not apply to the bank’s action. Specifically, he contends that section 95.11(5)(h) must be interpreted in conjunction with section 702.06. We disagree.[1] ,
“Questions of statutory interpretation are matters of law that are reviewed de novo.” Green v. Cottrell, 204 So.3d 22, 26 (Fla. 2016). “The first place [a court] look[s] when construing a statute is to its plain language—if the meaning of the statute is clear and unambiguous, [a court] look[s] no further.” State v. Hackley, 95 So.3d 92, 93 (Fla. 2012) (citing Curd v. Mosaic Fertilizer, LLC, 39 So.3d 1216, 1220 (Fla. 2010)).
Here, the first' sentence' of section 95.11(5)(h) sets forth a'one-year statute' of limitations for “[a]n action to enforce a claim of a deficiency related to a note *259 secured by a mortgage against a residential property that is a one-family to four-family dwelling unit.” The statute’s second sentence clarifies the scope of the first, sentence, providing: “The limitations period shall commence on the day after the certificate is issued by the clerk of court or the day after the mortgagee accepts a deed in lieu of foreclosure.” Id. Accordingly, the limitations period is triggered by one of two events: 1) issuance of certificate by clerk or 2) acceptance of deed in lieu of foreclosure by mortgagee. After a short sale, neither of these events occur. Thus, pursuant to the statute’s plain terms, section 95.11(5)(h) does not apply to the bank’s action.
The borrower further contends that, if section 95.11(5)(h) does not apply to an action following a short sale, then the portion of section 702.06 addressing short sales would effectively be réad out of the statute. We disagree.
The language of section 702.06 does suggest that the Legislature considers an action following a short sale to be a deficiency action for certain purposes. However, the statute does not address when such an action must be brought. Rather, it establishes a maximum amount of damages which may be recovered in an action following a short sale. Accordingly, even though the one-year statute of limitations does not govern this type of action, section 702.06 operates to limit the recovery in this type of action to the difference between the outstanding debt and fair market value at the time of the short sale. Thus, our interpretation of .section 95.11(5)(h) does not render the short sale provision in section 702.06 meaningless.
The borrower additionally argues that the legislative history supports his interpretation of the statute. However, when a statute is not ambiguous, a court is not authorized to resort to the legislative history to determine the statute’s meaning. Fla. Dep’t. of Revenue v. Fla. Mun. Power Agency, 789 So.2d 320, 323 (Fla. 2001).
AFFIRMED.
JACOBUS, B.W., Senior Judge, concurs.
BERGER, J., concurring specially.

. The parties do not dispute that section 95.11(2)(b) (providing a five-year limitations period for “[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument”) would apply if subsection (5)(h) does not.