IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WHITNEY BANK, a Mississippi
state chartered bank, formerly
known as HANCOCK BANK, a
Mississippi state chartered bank,
as assignee of the FDIC as
receiver for PEOPLES FIRST
COMMUNITY BANK, a Florida
banking corporation,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-5112

 Appellant,

v.

VON DANIEL GRANT, JR., and
LISA D. GRANT,

 Appellees.

_____/

Opinion filed August 7, 2017.

An appeal from the Circuit Court for Bay County.
Hentz McClellan, Judge.

Michael Anthony Shaw and Joseph D. Steadman, Jr., of Jones Walker LLP, Miami,
for Appellant.

Jeffrey P. Whitton, Panama City, for Appellees.

PER CURIAM.

Whitney Bank appeals the trial court's order granting summary judgment in favor of Von Daniel Grant, Jr., and Lisa D. Grant, and adjudging that Whitney Bank's cause of action seeking damages from alleged breaches of two promissory notes is barred by the one-year statute of limitations in section 95.11(5)(h), Florida Statutes (2015). Because we conclude that section 95.11(5)(h) does not apply to the current cause of action, we reverse.

The pleadings and summary judgment evidence presented below reveal the following. On June 29, 2005, the Grants borrowed $240,600 from Peoples First Community Bank, verifying the debt with a note and securing the note with a mortgage on the Grants' principal residence. On November 27, 2006, the Grants borrowed an additional $25,000 from Peoples First, executing a credit agreement with the bank that included a balloon payment due on December 15, 2011. The amount borrowed was secured by a second mortgage on the residence.

Three years later, in December 2009, the federal Office of Thrift Supervision closed Peoples First Community Bank and appointed the Federal Deposit Insurance Corporation as the bank's receiver. In turn, the FDIC transferred certain assets belonging to the bank—including each of the Grants' promissory notes—to Hancock Bank by way of an allonge.

On December 1, 2010, the Grants defaulted on the June 2005 promissory note by failing to make the installment payment due on that date and on every subsequent

installment date. Also, they did not make the balloon payment due in December 2011 as required by the 2006 note. In April 2012, Hancock Bank and the Grants executed a "revised short sale approval" agreement, under which Hancock Bank approved the Grants' "request for the Pre-Foreclosure Sale." According to the terms of the agreement, the sales price of the residence was $190,000. After the amounts still owed on the unpaid balances of the 2005 and 2006 debts were deducted from the sales price, along with closing costs and a broker's commission, the agreement reflected an "Estimated Deficiency Balance" of $99,377.70. The agreement also provided that the Grants would "receive no proceeds" from the sale and Hancock Bank "reserve[d] the right to pursue the deficiency balance owed." The closing took place on May 11, 2012.

Two years later, in April 2014, Whitney Bank merged its charter with that of Hancock Bank and, as a result, Hancock Bank changed its name to Whitney Bank. By letter dated November 30, 2015, Whitney Bank notified the Grants that they were in default under the June 2005 promissory note and afforded them the opportunity to cure the default. Whitney Bank also advised that if the default was not cured, it could, at its option, accelerate the indebtedness due under the note. The Grants failed to cure the default.

Thereafter, on January 15, 2015, Whitney Bank filed a Verified Complaint containing two counts. Count I alleges that the Grants breached the 2005 promissory

3

note and avers that Whitney Bank, as holder of the note, is entitled to enforce it. Count I seeks a judgment for the unpaid balance owed on the note in the principal amount of $45,069.41, plus accrued interest, late fees, costs of collection, and attorneys' fees. In turn, Count II alleges a breach of the 2006 promissory note, and likewise seeks a judgment for the unpaid balance owed on the note in the principal amount of $23,634.67, along with accrued interest, late fees, costs of collection, and attorneys' fees.

After the Grants filed their Answer to the Verified Complaint, the parties filed cross motions for summary judgment. In their motion, the Grants urge that Whitney Bank's cause of action is barred by the one-year statute of limitations in section 95.11(5)(h). That subsection states:

> An action to enforce a claim of a deficiency related to a note secured by a mortgage against a residential property that is a one-family to four-family dwelling unit. The limitations period shall commence on the day after the certificate is issued by the clerk of court or the day after the mortgagee accepts a deed in lieu of foreclosure.

§ 95.11(5)(h), Fla. Stat. (2015). The Grants' argument reads the foregoing statute in pari materia with section 702.06, Florida Statutes (2015), which provides that "[i]n all suits for the foreclosure of mortgages," the trial court, in its discretion, may enter a deficiency decree. But, "in the case of an owner-occupied residential property, the amount of the deficiency may not exceed the difference between . . ., [] in the case of a short sale, the outstanding debt, and the fair market value of the property on the

4

date of sale." Based on the "short sale" language, the Grants maintain that since Whitney Bank's cause of action is for alleged deficiencies due following a short sale of their single-family dwelling, the action must be brought within the one-year limitations period of section 95.11(5)(h), which references deficiencies, or it is barred.

Whitney Bank responds to this argument by emphasizing that the current action is one for a breach of a contract/written instrument; no foreclosure or deed in lieu of foreclosure was ever involved. As a result, it urges the five-year statute of limitations period in section 95.11(2)(b), Florida Statutes (2015), applies.

Section 95.11(2)(b) provides in relevant part that "[a]ctions other than for recovery of real property shall be commenced as follows":

> **(2) Within five years.—**
> . . . .
> (b) A legal or equitable action on a contract, obligation, or liability founded on a written instrument . . . except for an action for a deficiency judgment governed by paragraph (5)(h).

§ 95.11(2)(b), Fla. Stat. (2015).

The trial court agreed with the Grants and held that the one-year statute of limitations barred Whitney Bank's cause of action. Significantly, it noted the following:

> The parties do not dispute that the present action is one to enforce claims of deficiency related to notes secured by mortgages against a residential one-family dwelling unit. However, [Whitney Bank] argues the language used in section 95.11(5)(h) to describe the commencement

5

of the limitations period indicates that this section is applicable only to foreclosures and deeds in lieu of foreclosure.

In evaluating the bank's argument, the trial court acknowledged the fundamental principle of statutory construction that directed it to resort to the "clear and unambiguous" language of section 95.11(5)(h), *see, e.g., State v. Hackley,* 95 So. 3d 92, 93 (Fla. 2012), and precluded it from "look[ing] behind the statute's plain language for legislative intent or resort[ing] to rules of statutory construction to ascertain intent." *See State v. Burris,* 875 So. 2d 408, 410 (Fla. 2004). Nonetheless, it did just that by analyzing the unambiguous language of section 95.11(5)(h) through the lens of legislative intent and resorting to rules of statutory construction when it stated:

> Although neither of the two events identified in section 95.11(5)(h) would occur in the context of a short sale [i.e., "the day after the certificate (of foreclosure) is issued by the clerk of court or the day after the mortgagee accepts a deed in lieu of foreclosure"], this does not demonstrate a clear intent to exclude actions that would otherwise fall squarely within the plain language of this section. . . . In the case of a short sale, the lender's right to pursue a deficiency judgment accrues once the sale has occurred. *See* § 702.06, Fla. Stat. (the amount of deficiency after a short sale is measured by the difference between the outstanding debt and the fair market value of the property on the date of sale). In the present case, [Whitney Bank's] right to seek a deficiency judgment accrued after the short sale in 2012. Under section 95.11(5)(h), [Whitney Bank's] claims are barred.

"Questions of statutory interpretation are matters of law that are reviewed de novo." *Green v. Cottrell,* 204 So. 3d 22, 26 (Fla. 2016). When construing a statute, the first place a court looks "is to its plain language—if the meaning of the statute is

6

clear and unambiguous, [a court] look[s] no further." *Hackley,* 95 So. 3d at 93 (citing

*Curd v. Mosaic Fertilizer, LLC,* 39 So. 3d 1216, 1220 (Fla. 2010)). We are reminded

that

> [i]t is a settled rule of statutory construction that unambiguous language is not subject to judicial construction, however wise it may seem to alter the plain language. . . . If the legislature did not intend the results mandated by the statute's plain language, then the appropriate remedy is for it to amend the statute.

*Overstreet v. State*, 629 So. 2d 125, 126 (Fla. 1993) (internal quotation marks and

citation omitted). In the present case, the trial court's analysis applies the first

sentence of section 95.11(5)(h), but fails to properly consider the plain language of

the second sentence.

Our review of section 95.11(5)(h) leads us to an interpretation contrary to the

that reached by the trial court. The unambiguous language of section 95.11(5)(h)

states that a cause of action accrues under its terms on "the day after the certificate

[of foreclosure] is issued by the clerk of court or the day after the mortgagee accepts

a deed in lieu of foreclosure." Under the circumstances of the present case, where a

short sale was held in lieu of foreclosure, neither of these two predicates occurred:

there was no certificate of foreclosure issued by the clerk and there was no deed in

lieu of foreclosure. Only by looking beyond the plain language of section

95.11(5)(h) may one arrive at the interpretation advanced by the trial court and the

Grants.

7

In reaching our conclusion, we are also persuaded by the logic applied by the Fifth District in its recent decision in *Bush v. Whitney Bank,* 14 Fla. L. Weekly D1142 (Fla. 5th DCA May 19, 2017)—a case based on facts nearly identical to those in the instant case. In *Bush*, the Fifth District affirmed the trial court's ruling that section 95.11(5)(h) did not apply to bar the bank's cause of action seeking damages for the borrower's breach of a promissory note following an agreed-to short sale. The Fifth District acknowledged—as do we—that if the meaning of a statute is clear and unambiguous, we look no further. *Id.* In applying the statute's unambiguous language, the Fifth District looked to the second sentence of section 95.11(5)(h) to define the meaning of the first sentence, holding that the second sentence

> clarifies the scope of the first sentence by providing: "The limitations period shall commence on the day after the certificate is issued by the clerk of court or the day after the mortgagee accepts a deed in lieu of foreclosure." . . . Accordingly, the limitations period is triggered by one of two events: 1) issuance of certificate by clerk or 2) acceptance of deed in lieu of foreclosure by mortgagee. After a short sale, neither of these events occur. Thus, pursuant to the statute's plain terms, section 95.11(5)(h) does not apply to the bank's action.

*Id.*

Applying this rationale to the current case, under the plain language of the statute the one-year limitations period in section 95.11(5)(h) does not apply to bar Whitney Bank's claims. *Overstreet*, 629 So. 2d at 126; *see also, Thayer v. State.* 335 So. 2d 815, 817 (Fla. 1976) ("The Legislature must be assumed to know the meaning of words and to have expressed its intent by the use of the words found in

8

the statute.").  Reading section 95.11(5)(h) in pari materia with section 702.06 is therefore unwarranted, since this case does not involve a suit in foreclosure.

For these reasons, we hold that the five-year statute of limitations period in section 95.11(2)(b) applies to Whitney Bank's cause of action.  We therefore reverse the trial court's order entering summary final judgment against Whitney Bank and its holding that the bank's claims are barred, and remand the case for further proceedings consistent with this opinion.

REVERSED and REMANDED for further proceedings.

ROBERTS, MAKAR, and JAY, JJ., CONCUR.