NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DYCK-O'NEAL, INC., )
)
        Appellant, )
)
v. )    Case No. 2D17-4968
)
TERESA NORTON and SAMUEL )
NORTON, )
)
        Appellees. )
                             )

Opinion filed March 15, 2019.

Appeal from the Circuit Court for Hendry
County; James D. Sloan, Judge.

David M. Snyder of David M. Snyder, P.A.;
Tampa; Susan B. Morrison of Law Offices
of Susan B. Morrison, Tampa; and Joshua
D. Moore of Law Offices of Daniel C.
Consuegra, Tampa, for Appellant.

Alexander Allred of Castle Law Group, P.A.,
Largo, for Appellees.

LUCAS, Judge.

        Dyck-O'Neal, Inc. (DONI), appeals a final summary judgment entered in

favor of the Nortons. For the reasons explained below, we reverse and remand for

further proceedings.

In 2006, the Nortons executed a promissory note and mortgage on their home in Hendry County, Florida, in favor of Bank of America, N.A. When the Nortons failed to make an installment payment, Bank of America initiated foreclosure proceedings and eventually obtained a final judgment of foreclosure in 2009 for $197,586.52. A year later, the Federal National Mortgage Association (Fannie Mae) purchased the subject property at a foreclosure sale for $100. At the time of the sale, a real estate appraiser had appraised the property's value at $60,000. In 2014, Fannie Mae assigned the final judgment and note to DONI.

Two months later, DONI initiated a deficiency action against the Nortons, seeking a deficiency judgment in the amount of $137,586.52 plus interest, costs, and attorney's fees. It is undisputed that DONI filed this lawsuit before July 1, 2014, but more than five years from the date the Nortons first defaulted on their promissory note.[1]

In response to DONI's complaint, the Nortons raised several affirmative defenses, two of which are relevant to this appeal. In their first affirmative defense, the Nortons claimed that Fannie Mae issued a Form 1099-A tax filing stating that the value of the Nortons' property was $205,285.35. The Nortons did not receive an amended 1099-A stating that the value of the property was actually $60,000. The Nortons

---

[1]Until July 1, 2013, section 95.11(2)(b), Florida Statutes' five-year limitation for actions on a contract founded on a written instrument would have applied to DONI's cause of action. On July 1, 2013, section 95.11(5)(h) came into effect, which reduced the limitation period for deficiency claims related to notes secured by a mortgage against certain kinds of residential property to one year "after the certificate is issued by the clerk of court or the day after the mortgagee accepts a deed in lieu of foreclosure." See ch. 2013-137, § 1, at 1627, Laws of Fla. (2013). The legislature specified that any action that would have been timely under section 95.11(2)(b) before July 1, 2013, would have to be commenced within five years after the action accrued or by July 1, 2014, "whichever comes first." Id.

claimed that they "relied on" the amount represented in the Form 1099-A Fannie Mae had filed when they prepared their individual tax returns. Accordingly, they argued, estoppel should prevent DONI from bringing its deficiency action against them. In their second affirmative defense, the Nortons argued that DONI's lawsuit was barred by the statute of limitations. Citing to Bartram v. U.S. Bank National Ass'n, 211 So. 3d 1009 (Fla. 2016), the Nortons also argued that DONI should have brought its lawsuit within five years of the date of their default on their promissory note. As the Nortons defaulted in 2008, but DONI did not file its complaint until 2014, the Nortons claimed that DONI's lawsuit was barred by section 95.11(2)(c), Florida Statutes (2014).

DONI and the Nortons filed competing motions for summary judgment. The trial court denied DONI's motion, ruling that the Nortons had raised the "affirmative defense of the statute of limitations which raises a question of law and may be a viable defense." The trial court granted the Nortons' motion for summary judgment. The court's judgment cited two bases for its ruling: (1) under Bush v. Whitney Bank, 219 So. 3d 257 (Fla. 5th DCA 2017), the statute of limitations barred DONI's lawsuit, and (2) summary judgment was proper because DONI was estopped from pursuing a deficiency action against the Nortons. DONI now appeals the circuit court's summary judgment.

We review a circuit court's entry of summary judgment under a de novo standard of review. Herendeen v. Mandelbaum, 232 So. 3d 487, 489 (Fla. 2d DCA 2017) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000)). A party is entitled to summary judgment only "if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c).

With respect to the first basis the trial court relied upon when it granted summary judgment for the Nortons, our court has definitively answered the question of when a deficiency action accrues for purposes of the statute of limitations—and it is not the date of default on the underlying note. As we explained at length in Aluia v. Dyck-O'Neal, Inc., 205 So. 3d 768, 774-75 (Fla. 2d DCA 2016):

> The final judgment is the instrument on which the deficiency action is based because the note and mortgage merge into the foreclosure judgment where the foreclosure suit is both an action at law for the balance due under the note and an action in equity to foreclose the mortgage. See Manley v. Union Bank of Fla., 1 Fla. 160, 214 (Fla. 1846) ("[A] [person entitled to enforce the note] has, at common law, three remedies, *all of which he may pursue at the same time,* viz: that he may bring suit at law, upon the bond or note secured by the mortgage; institute an action of ejectment, to put himself in possession of the rents and profits of the estate [;] and file a bill in Chancery, to foreclose the mortgage." (emphasis added)); Royal Palm[ Corp. Ctr. Ass'n, Ltd. v. PNC Bank, NA], 89 So. 3d [923,] 929–30 [(Fla. 4th DCA 2012)] (concluding that the action on a promissory note and the action to foreclose the mortgage may be done simultaneously in one action, as is the common case in Florida, leaving only the deficiency action if the sale fails to satisfy the final judgment). . . .
>
> "Thus, any action based upon the mortgage note in this case was extinguished by the judgment of foreclosure and, consequently, an action for deficiency is not based upon the mortgage note, but instead arises from the final judgment entered and subsequent foreclosure sale." Chrestensen[v. Eurogest, Inc.], 906 So. 2d [343,] 345 n.4 [(Fla. 4th DCA 2005)] . . . .
>
> . . . A plaintiff seeking a deficiency must establish "1) entry of final judgment of foreclosure; 2) sale of the foreclosed property pursuant to the judgment; [and] 3)

- 4 -

issuance of a certificate of title for the property." <u>Frohman v. Bar-Or</u>, 660 So. 2d 633, 636 (Fla. 1995).

(Alterations in original.)  Ours is not the only district court of appeal to have reached this conclusion.  <u>See</u> <u>Chrestensen</u>, 906 So. 2d at 346 ("[W]e hold that the statute of limitations for a deficiency judgment does not begin to run until the foreclosure judgment and foreclosure sale, not at the default date of the underlying mortgage note."); <u>see also</u> <u>Sueter v. Wells Fargo Bank, N.A.</u>, 5D17-3821, 2019 WL 405601, *1 (Fla. 5th DCA Jan. 29, 2019) (citing and quoting <u>Aluia</u>, 205 So. 3d at 775, for the elements of a deficiency cause of action); <u>Dyck-O'Neal, Inc. v. Germany</u>, 236 So. 3d 1194, 1194-95 (Fla. 5th DCA 2018) (reversing summary judgment and citing <u>Chrestensen</u>'s holding that "the statute of limitations to seek a deficiency judgment does not begin to run until after the entry of foreclosure judgment and subsequent foreclosure sale").

The trial court mistakenly relied on <u>Bush</u>, 219 So. 3d at 259, a case that held that a breach of contract claim following an approved short sale transaction was not subject to section 95.11(5)(h).  <u>Bush</u>, however, does not apply to the kind of claim DONI has alleged.  The "shortfall" the bank was contractually permitted to pursue following the short sale in <u>Bush</u> is not the same as a deficiency claim that would arise following a foreclosure judgment and sale.[2]  Rather, as <u>Bush</u> made clear in its opening

_____

[2]The Nortons never really explain how <u>Bush</u> advances their argument about accrual.  As best as we can gather from their brief and oral arguments, the Nortons appear to be applying <u>Bush</u> along the following line: (1) if <u>Bush</u>'s holding applies to their case, then (2) section 95.11(5)(h) would not apply to DONI's claim, so that, by implication, (3) DONI's claim would be subject to section 95.11(2)(b)'s five-year statute of limitations, which (4) "begins to run by default when the last elements of the cause of action accrues," which (5) the Nortons maintain would be the breach of their promissory note.  That argument would not carry them very far, though, as it is over-weighted with inference.  The <u>Bush</u> opinion only discussed why a breach of contract

- 5 -

sentence, the claim before that court was one that sounded in breach of contract. Id. at 257. This distinction between the breach of contract claim in Bush versus the deficiency claim in Aluia—between a breach of contract cause of action following a short sale and an in rem or quasi in rem claim arising from a deficiency after a foreclosure sale—is both readily apparent and critically important because "a deficiency does not exist without a foreclosure judgment and sale." Bonita Real Estate Partners, LLC v. SLF IV Lending, L.P., 222 So. 3d 647, 652 (Fla. 2d DCA 2017). In its context, we would have no cause to disagree with Bush's analysis at all. But section 95.11(5)(h) does apply here, where a plaintiff seeks a deficiency judgment, a foreclosure judgment has been entered, and the clerk of the circuit court has issued a certificate of title. See Aluia, 205 So. 3d at 774-75; Sueter, 2019 WL 405601, *1; Germany, 236 So. 3d at 1194-95.

As a matter of law, DONI's deficiency claim could not accrue for purposes of the statute of limitations until the entry of a foreclosure judgment and subsequent foreclosure sale. Therefore, DONI's action was timely under section 95.11(5)(h), and the trial court's entry of summary judgment on the basis that the statute of limitations had expired was incorrect.

Turning to the trial court's second basis for granting summary judgment in favor of the Nortons, we agree with DONI that the record before us does not "conclusively demonstrate that no genuine issue of material fact exists" such that the Nortons were entitled to judgment as a matter of law. See Maldonado v. Publix Supermarkets, 939 So. 2d 290, 293 (Fla. 4th DCA 2006) (further observing that "[t]he

_____

claim following a short sale would not be subject to section 95.11(5)(h); the opinion was silent about deficiency claims.

proof [for summary judgment] must be such as to overcome all reasonable inferences which may be drawn in favor of the opposing party" (quoting Holl v. Talcott, 191 So. 2d 40, 43 (Fla. 1966))). The Nortons' motion, memorandum, and affidavit asserted only that the Nortons "relied" (in some unspecified way) on DONI's predecessor's filing of a Form 1099-A when they prepared their individual tax returns. But an equitable estoppel defense requires pleading and proof of (1) a representation about a material fact that is contrary to a later asserted position; (2) reliance on that representation; and (3) *a detrimental change in position* as a result of that reliance. See Winans v. Weber, 979 So. 2d 269, 274-75 (Fla. 2d DCA 2007); Watson Clinic, LLP v. Verzosa, 816 So. 2d 832, 834 (Fla. 2d DCA 2002); MDS (Canada) Inc. v. Rad Source Techs., Inc., 720 F.3d 833, 852 (11th Cir. 2013) (applying Florida law). A party asserting equitable estoppel must show more than mere reliance; the reliance must also yield some manner of an adverse or detrimental change in the party's position. Verzosa, 816 So. 2d at 835. The Nortons proffered no evidence whatsoever showing how or why the filing of this tax form caused them any detrimental change.[3] Thus, they did not meet their initial burden of presenting a "crystallized, conclusive" record that would support their defense, Lucey v.

---

[3]We would agree with DONI that the Nortons' affidavit, which furnished the only evidence that the Nortons "relied" on this tax form's filing, appears irregular, perhaps even ineffective, in several respects. However, DONI failed to provide a transcript of the summary judgment hearing, and there is no written motion or memorandum filed below challenging the affidavit's propriety. We have no way of knowing whether DONI ever brought this issue to the trial court's attention, and thus we cannot consider the argument in this appeal. See Johnson v. Deutsche Bank Nat'l Tr. Co. Ams., 248 So. 3d 1205, 1211 (Fla. 2d DCA 2018) (observing that although "a lack of a transcript, in and of itself, will not necessarily prohibit appellate review of the evidence underlying a summary judgment ruling, it could in some cases stymie the fullness of a legal argument challenging that ruling on appeal if there is a question about whether the argument was preserved").

1010 Logic, Inc., 208 So. 3d 1236, 1238 (Fla. 2d DCA 2017) (quoting Hastings v. Demming, 682 So. 2d 1107, 1110 (Fla. 2d DCA 1996)), and so the trial court's summary judgment cannot be affirmed on that basis.

Accordingly, we reverse the judgment below and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

LaROSE, C.J., and LENDERMAN, JOHN C., ASSOCIATE SENIOR JUDGE, Concur.